FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2018 JUN 18 AM 9:47

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| In the Matter of the Detention of ) | No. 75469-6-I |
| ) | |
| ) | |
| ) | |
| ROBERT HEGWALD, ) | UNPUBLISHED OPINION |
| ) | |
| Appellant. ) | FILED: June 18, 2018 |
| _____ ) | |

VERELLEN, J. — Robert Hegwald was civilly committed as a sexually violent predator (SVP) in 1999. He now seeks a full evidentiary hearing to determine whether he still meets the criteria for SVP commitment.

Under the SVP act, a detainee is entitled to a full evidentiary hearing if he presents prima facie evidence that his condition has "so changed" through positive response to continuing participation in treatment that release is appropriate.[1] Hegwald presented an evaluation report and supplemental declaration in which a licensed psychologist opined that he was "so changed" due to treatment. Because the psychologist's opinion is not merely conclusory, we conclude Hegwald is entitled to a full evidentiary hearing.

Therefore, we reverse and remand for a full evidentiary hearing.

---

[1] Former RCW 71.09.090(4) (2012).

FACTS

Hegwald is currently detained at the Special Commitment Center (SCC) as an SVP. In March 2016, Hegwald petitioned the court for an unconditional release trial. To support his petition, Hegwald offered a psychological evaluation performed by Dr. Natalie Novick Brown. The court held a show cause hearing on April 15, 2016. On June 21, 2016, the court denied Hegwald's motion and ordered that he remain committed.

Hegwald appeals.

ANALYSIS

Hegwald contends the trial court erred in finding that he failed to present prima facie evidence to establish probable cause to proceed to a full evidentiary hearing.

The panel reviews a trial court's probable cause determination de novo.[2] "Once an individual has been committed, he is entitled to a written annual review by a qualified professional to ensure that he continues to meet the criteria for confinement."[3] Separately, individuals subject to civil commitment under the SVP act can petition for unconditional release or release to a less restrictive

---

[2] State v. McCuistion, 174 Wn.2d 369, 382, 275 P.3d 1092 (2012).
[3] Id. at 379 (citing RCW 71.09.070).

alternative.[4] After receiving a petition, the trial court holds a show cause hearing to determine if probable cause exists to proceed to a full evidentiary proceeding.[5]

"At the show cause hearing, the State bears the burden to present prima facie evidence that the individual continues to meet the definition of an SVP."[6] Probable cause exists if either the State fails to meet its burden or the detainee presents prima facie evidence that his or her condition has "so changed" that release is appropriate.[7] Under former RCW 71.09.090(4)(b)(i), (ii), an individual has "so changed" if "[a]n identified physiological change to the person . . . renders the committed person unable to commit a sexually violent act and this change is permanent;" or "[a] change in the person's mental condition brought about through positive response to continuing participation in treatment which indicates . . . that the person would be safe to be at large if unconditionally released from commitment."

At a show cause hearing, "[a] court may not weigh the evidence in determining whether probable cause exists; rather, it must merely decide whether the facts, if believed, establish that the person is no longer an SVP or may

---

[4] In re Pers. Restraint of Meirhofer, 182 Wn.2d 632, 637, 343 P.3d 731 (2015) (citing former RCW 71.09.090(2)(a)).

[5] Id. at 637-38 (citing McCuistion, 174 Wn.2d at 380).

[6] McCuistion, 174 Wn.2d at 380 (citing former RCW 71.09.090(2)(b)).

[7] Meirhofer, 182 Wn.2d at 638 (citing former RCW 71.09.090(2)(c)(ii); McCuistion, 174 Wn.2d at 382).

otherwise be conditionally released."[8] "Mere conclusory statements are insufficient to establish probable cause."[9]

Hegwald claims Dr. Novick Brown's report presented prima facie evidence that his condition has "so changed." In her evaluation, Dr. Novick Brown opined, "Mr. Hegwald's condition has so changed that he no longer meets the definition of a sexually violent predator."[10] Following the show cause hearing, Hegwald submitted a supplemental declaration from Dr. Novick Brown in which she clarified, "[I]t is my opinion to a reasonable degree of psychological certainty that Mr. Hegwald has substantially changed *via his efforts in treatment* such that he no longer meets the definition of sexually violent predator."[11] Dr. Novick Brown declared her opinion was based on the information contained in her initial evaluation report.

The trial court rejected Dr. Novick Brown's opinion because her "initial evaluation cites no facts that would support a finding that any change in Mr. Hegwald's condition has been brought about as the result of positive responses to continuing treatment."[12] The trial court also found that Dr. Novick Brown's supplemental declaration "relies on the same data and facts as her evaluation, but

---

[8] In re Det. of Elmore, 162 Wn. 2d 27, 37, 168 P.3d 1285 (2007).

[9] In re Det. of Jacobson, 120 Wn. App. 770, 780, 86 P.3d 1202 (2004).

[10] Clerk's Papers (CP) at 35.

[11] CP at 8 (emphasis added).

[12] CP at 3.

she provides no factual basis for her conclusion that his change in condition is a result of his efforts in treatment."[13]

Prior to Hegwald's commitment at the SCC, he was convicted of first degree child molestation. At the time of Hegwald's commitment, his diagnoses included pedophilia and personality disorder not otherwise specified. At his 2015 annual review, Hegwald's diagnoses included pedophilic disorder, antisocial disorder, and a mild intellectual disability.

As evidence of Hegwald's changed condition, Dr. Novick Brown relies on Hegwald's consensual sexual activity with other adults and Hegwald's self-report that he last had a sexual thought involving a child in 2004.[14] She opines that this "suggests a sexual interest in adult males rather than children."[15] In her supplemental declaration, Dr. Novick Brown noted that these changes "happened in the context of his continuing participation in treatment."[16]

To support her conclusion concerning Hegwald's positive response to treatment, Dr. Novick Brown pointed to Hegwald's involvement in sexual offender

---

[13] CP at 3.

[14] CP at 52-53 ("Records over the years show that Mr. Hegwald engaged in consensual sexual activity with other inmates during his prison sentence and since then has engaged in similar activity with residents at the SCC. . . . [T]he last time he had a sexual thought involving a child was in response to a television program he saw in 2003/early 2004. [H]e has not been observed to be particularly interested in television programming depicting children. No pictures or photos of children have been found in his possession. No one has reported any behavior connoting preoccupation with children.").

[15] CP at 52.

[16] CP at 9.

treatment at SCC for 13 years. Dr. Novick Brown notes that Hegwald's recent annual reviews describe him "as motivated for treatment and genuinely engaged in the group process."[17]

The State argues Dr. Novick Brown's report does not provide a factual basis to support her opinion concerning change, especially change related to treatment. In her report, Dr. Novick Brown opines that Hegwald's current treatment plan is not suitable or attainable for someone with his limitations.[18] She contends the current treatment plan sets unrealistic goals that do not adequately take into account Hegwald's cognitive impairment and measures results with an inaccurate yardstick of staff expectations. The State contends Dr. Novick Brown's criticism contradicts the opinion expressed in her supplemental declaration. But the State exaggerates the precise scope of Dr. Novick Brown's critique and challenges her credibility, which is a question for a fact finder at a full evidentiary hearing. If believed, Dr. Novick Brown's criticism merely explains why the SCC conclusions of no progress are not persuasive.

---

[17] CP at 53.

[18] CP at 53-54 ("His treatment 'progress' is measured by a yardstick that requires he report deviant sexual fantasies based on staff expectations that *all* residents at the SCC have deviant sexual fantasies . . . . Mr. Hegwald is caught in a 'catch-22' situation: (1) he cannot make progress in treatment unless he reports deviant sexual thoughts of children when it appears he may not have such thoughts, and (2) he is expected to behave like a socialized adult, which is cognitively and functionally beyond his capability. Therefore, ongoing treatment at the SCC is clearly not in his best interests as his treatment plan contains goals he can never attain.").

The State also focuses on Dr. Novick Brown's opinion that Hegwald's "cognitive dysfunction, whatever the etiology, explains *all* of his behavioral history, including his sexual offenses."[19] The State reads this statement as entirely inconsistent with her opinion that Hegwald has positively responded to treatment. While these statements are in tension with each other, under the proximate cause standard, the trial court should only ask whether the expert's opinion is merely conclusory. It is not the role of the court at a show cause hearing to assess whether every statement is credible.

Here, Dr. Novick Brown's opinion about the nexus between Hegwald's behavioral change and treatment is not merely conclusory. The State relies heavily on State v. Meirhofer for the proposition that the expert must precisely define the connection between treatment and change.[20] But in that case, Meirhofer refused to participate in any treatment.[21] To the contrary, here, Dr. Novick Brown discusses Hegwald's genuine engagement in and motivation for treatment as the factual basis for her opinion that Hegwald's behavioral change is linked to his treatment.

---

[19] CP at 52.
[20] 182 Wn.2d 632, 637, 343 P.3d 731 (2015).
[21] Id. at 646.

Therefore, viewed under the appropriate deferential proximate cause standard, there is an adequate factual basis for Dr. Novick Brown's opinion that Hegwald's progress is related to his treatment. We note that this application of the proximate cause standard does not signal that a boilerplate recitation of the statutory standard compels a full evidentiary hearing; we simply recognize that the connection between treatment and progress can be established by circumstantial evidence. The State's challenges are properly the subject of cross-examination in a full evidentiary hearing.

Therefore, we reverse and remand for an evidentiary hearing.

WE CONCUR: